Matter of Gardner (Commissioner of Labor) (2025 NY Slip Op 03237)

Matter of Gardner (Commissioner of Labor)

2025 NY Slip Op 03237

Decided on May 29, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 29, 2025

CV-24-0949
[*1]In the Matter of the Claim of Lori Gardner, Appellant. Commissioner of Labor, Respondent.

Calendar Date:April 29, 2025

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Lori Gardner, Bronx, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Egan Jr., J.P.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 20, 2023, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant, a senior executive specialist, was notified by her employer on August 2, 2021 that, in order to maintain continued employment, she was required to be fully vaccinated against COVID-19 effective December 8, 2021.[FN1] The employer informed claimant that accommodations from this policy may be granted for individuals that were precluded from receiving the vaccine due to a medical condition or a sincerely held religious belief. On August 7, 2021, claimant submitted an affidavit requesting a religious accommodation. Although claimant was initially advised that her request for a religious accommodation was temporarily granted but would be reassessed, upon said reassessment her temporary accommodation was ended by the employer. When claimant thereafter failed to provide proof of vaccination, her employment ended in March 2022.
Claimant's application for unemployment insurance benefits was initially denied by the Department of Labor on the grounds that, among other things, she had voluntarily separated from her employment without good cause. Following hearings, in a decision filed May 5, 2023, the Administrative Law Judge (hereinafter ALJ) sustained the initial determination denying benefits. Upon appeal, the Unemployment Insurance Appeal Board remanded the matter for a hearing "to examine . . . claimant's contention that her sincerely-held religious beliefs prevented her from receiving the COVID-19 vaccination." The parties were instructed by the Board to produce at the hearing a transcript of claimant's sworn deposition testimony from a federal court action she had commenced against the employer for, among other things, wrongful termination. The Board further directed that claimant be questioned at the remand hearing as to the inconsistency between her sworn deposition testimony in the federal action and her prior hearing testimony before the ALJ. At the remand hearing, a transcript of claimant's sworn deposition testimony from the federal action was entered into the record, and claimant provided additional testimony. Following the remand hearing, the Board affirmed the ALJ's decision, determining that claimant had failed to establish that "sincerely held religious beliefs prohibited her from receiving the COVID-19 vaccination" and that she had voluntarily separated from her employment without good cause. Claimant appeals.
Whether a claimant has good cause to leave employment, and whether their conduct is motivated by a sincerely held religious belief, are factual issues for the Board to resolve, and its determination will be upheld if supported by substantial evidence (see Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d 1121, 1122 [3d Dept 2025]; see also United States [*2]v Seeger, 380 US 163, 185 [1965]). During the administrative hearings, claimant testified that she believes that her body "is the living temple of the almighty creator" and that she is superior to anything created by man and any sustenance she needs is provided by the creator. According to claimant's hearing testimony, she has never received a vaccination as an adult and has never taken any medication. During her federal deposition, claimant testified that she "opposes the invasive techniques of traditional Western medicine," including manmade medications. Claimant clarified, however, that there were circumstances that she would use medicine, but that medicine was not her "first go-to" choice. Claimant testified to undergoing various elective medical procedures as an adult over the years and taking several prescription medications and a preventative immune system booster. Claimant also testified that she took a COVID-19 test after being exposed to the virus, despite acknowledging that taking the test violates her religious beliefs. When testifying at the remand hearing, claimant was either unable to or chose not to answer questions regarding her religious beliefs and how those beliefs precluded her from getting the vaccination, and she refused to address the inconsistencies in her prior hearing and deposition testimony. In light of the foregoing, and deferring to the Board's credibility determinations and the inferences drawn from the testimony (see Matter of Smith [Commissioner of Labor], 228 AD3d 1159, 1161 [3d Dept 2024]), substantial evidence supports the Board's finding that claimant's failure to comply with the employer's vaccination mandate was a personal choice that was not rooted in a sincerely held religious belief and, therefore, she left her employment without good cause (see Labor Law § 593 [1]; Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d at 1123-1124). Claimant's remaining contentions have been considered and found to be without merit.
Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant testified that her job duties required in-person interaction with coworkers and occasionally with outside vendors. According to a sworn affidavit from the employer's chief human resource officer, claimant was required to have numerous in-person interactions with staff and external visitors and that it was essential for her position that she "maintain [a] physical office space."